**ALABAMA MUNICIPAL DIS-
TRIBUTORS GROUP, et
al., Petitioners,**

**v.**

**FEDERAL ENERGY REGULATORY
COMMISSION, Respondent.**

**American Public Gas Association and
the Municipal Gas Authority of
Georgia, Intervenors**

No. 01–1299.

United States Court of Appeals,
District of Columbia Circuit.

Aug. 30, 2002.

BEFORE: RANDOLPH and ROGERS, Circuit Judges, and WILLIAMS, Senior Circuit Judge.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

■ Pursuant to the Natural Gas Act, 15 U.S.C. § 717r, the Alabama Municipal Distributors Group, the Austell Gas System, and the Southeast Alabama Gas District (collectively the "Municipals") have petitioned for review of two orders of the Federal Energy Regulatory Commission ("FERC"). Without objection, the American Public Gas Association and the Municipal Gas Authority of Georgia were granted leave to intervene in support of the petitioners and joined in the petitioners' principal brief. FERC now contends that the intervenors should be dismissed from the case because they did not seek rehearing by FERC of the orders on review. We hold that an application for rehearing by FERC is not a condition precedent for intervention in a petition for review under the Natural Gas Act where the intervenors are not attempting to substitute for the petitioners or to expand the issues on review. Accordingly, we deny the motion to dismiss.

## I.

In the orders on review, FERC approved discounted transportation rates proposed by the Southern Natural Gas Company ("Southern"), and authorized Southern to construct and operate the South System Expansion Project and to abandon some of its current facilities in conjunction with that expansion. *Southern Natural Gas Co.,* 94 FERC ¶ 61,297 (2001); 95 FERC ¶ 61,220 (2001). As customers of Southern, the Municipals intervened in FERC's proceedings to protest Southern's application. Following FERC's initial decision, the Municipals jointly moved for rehearing, which was denied, then timely petitioned for review in this court.

In addition to the petitioners, the American Public Gas Association ("APGA") and the Municipal Gas Authority of Georgia ("Gas Authority") were granted leave to intervene in the Southern proceedings before FERC, but they did not seek rehearing of the order. The APGA is a national association of publicly owned natural gas distribution systems—mostly small municipal utilities, and Georgia's Gas Authority also is composed of municipalities. After the Municipals' petition for review was filed, the APGA and Gas Authority each filed a timely motion to intervene before the court under Federal Rule of Appellate Procedure 15(d). Unopposed, the motions were granted, and the intervenors joined in the principal brief for petitioners. Thereafter, FERC moved to dismiss the APGA and the Gas Authority as intervenors on the ground that they did not apply to FERC for rehearing of the orders on review and, therefore, are precluded from challenging them.

## II.

Under the Natural Gas Act, a litigant seeking judicial review of a FERC order must have been a party to the proceeding before the Commission and must have applied for agency rehearing.[1] *See* 15 U.S.C.

1. FERC's motion to dismiss is mistakenly predicated on the Federal Power Act, 16

§ 717r(a), (b); *Process Gas Consumers Group v. FERC*, 912 F.2d 511, 514 (D.C.Cir.1990) (per curiam). FERC contends that the statutory prerequisites for obtaining judicial review apply to intervenors and petitioners alike. But the Natural Gas Act itself does not so state, and the two cases that FERC cites cannot fairly be stretched that far. *See Murphy Exploration & Prod. Co. v. United States Dep't of the Interior*, 252 F.3d 473, 478–80 (D.C.Cir.2001) (no deference should be paid to an agency's interpretation of a statute granting jurisdiction to Article III courts).

■ For petitions arising under the Natural Gas Act, intervention in this court is governed by Federal Rule of Appellate Procedure 15(d), and that rule does not hold a would-be intervenor to the same statutory requirements as a party filing a petition for review. *See* Fed. R.App. P. 15(d); *Process Gas*, 912 F.2d at 514. For example, a motion for leave to intervene may be filed up to 30 days after the petition for review is filed, thus allowing intervention outside the jurisdictional 60-day filing period for a petition for review. *See id.* at 514–15.[2]

■ In *Process Gas*, the court barred an intervenor from obtaining judicial review when it had not participated in the proceedings before FERC, did not seek rehearing on the issues it sought to raise before the court, and had not timely petitioned for review. *See id.* at 512, 516. The restrictions applied to the intervenor

not because of its intervenor status, but because the intervenor was attempting to obtain review of a FERC order after the original petitioner withdrew. *See id.* at 513. In such a case, the intervenor must satisfy the statutory prerequisites for obtaining judicial review in order to continue prosecuting the petition on its own. *See id.* at 512–14. Because they are participating as intervenors while the original petitioners remain in the case, the APGA and Gas Authority are not held to the jurisdictional requirements of the Natural Gas Act, 15 U.S.C. § 717r(a).

The Commission's reliance on *Platte River Whooping Crane Critical Habitat Maintenance Trust v. FERC*, 962 F.2d 27 (D.C.Cir.1992), is equally unavailing. In that case, the court declined to reach arguments raised by two intervenors on the ground that no other party had raised the claims before the court. *Id.* at 37 n. 4. The court then noted that the issues intervenors sought to raise were not preserved in their own petitions for rehearing before FERC. *See id.* Presumably in reliance on this language, FERC cites *Platte River* for the proposition that an intervenor may raise on appeal only those matters it raised in its own application for rehearing.

■ That seems to take the case a bit too far. The footnote in *Platte River* stands for the well-established principle that, absent extraordinary circumstances, intervenors "may join issue only on a matter that has been brought before the court by another party." *Illinois Bell Tel. Co. v.*

U.S.C. § 825l, when the petition actually arises under the Natural Gas Act, 15 U.S.C. § 717r. The mistake is inconsequential, however, because the provisions for judicial review are the same under both statutes. *See Platte River Whooping Crane Critical Habitat Maintenance Trust v. FERC*, 876 F.2d 109, 113 n. 1 (D.C.Cir.1989).

2. An intervenor must, however, satisfy the requirements of Article III standing imposed

on petitioners. *See Rio Grande Pipeline Co. v. FERC*, 178 F.3d 533, 538–39 (D.C.Cir.1999). The APGA's and Gas Authority's standing to participate as intervenors is uncontested and self-evident. *See Mississippi Valley Gas Co. v. FERC*, 68 F.3d 503, 507–08 (D.C.Cir.1995) (customer of Southern had standing under the Natural Gas Act and Article III to challenge FERC's approval of Southern's gas transportation rate discounts).

*FCC*, 911 F.2d 776, 786 (D.C.Cir.1990), *cited in Platte River*, 962 F.2d at 37 n. 4. Beyond that, if an intervenor wishes to raise a specific claim not raised by petitioners, the court recaps the point ("As explained in Part II above") that the intervenor must preserve the issue in its own petition for rehearing and thus satisfy the statutory requirements for petitioners seeking judicial review of FERC orders. 962 F.2d at 37 n. 4; *see id.* at 34–35 (quoting the Federal Power Act's judicial review provision, 16 U.S.C. § 825*l*(b)); *accord Rio Grande Pipeline Co. v. FERC*, 178 F.3d at 539 (intervenors are normally limited to the scope of the original petition for review, so they must "petition for re-

view directly" if they desire to raise any additional issues).[3] That is not the situation here. The APGA and Gas Authority have not asserted any claims in addition to those asserted by the petitioners. Thus, *Platte River* offers no basis for dismissing these intervenors.

Accordingly, because the APGA and the Gas Authority are not required to seek rehearing of the FERC orders on review in order to participate as intervenors in this case, we deny the motion to dismiss.

---

**3.** *Rio Grande* involved a petition for review arising under the Energy Policy Act, 42 U.S.C. § 7172; judicial review was under the Hobbs Act, 28 U.S.C. §§ 2321, 2341–51, and intervention was governed by § 2348, which does not require a party to seek rehearing as is required under the Natural Gas Act. *See*

*Association of Oil Pipe Lines v. FERC*, 83 F.3d 1424, 1432 n. 14 (D.C.Cir.1996). Accordingly, *Rio Grande's* analysis of the intervenor's status does not touch on the question whether a rehearing application is a condition precedent for intervention.